COOLEY LLP
WILLIAM P. DONOVAN JR. (155881)
(wdonovan@cooley.com)
1333 Second Street, Suite 400
Santa Monica, CA 90401-4100
Telephone: (310) 883-6400
Facsimile: (310) 883-6500

WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
NATHANIEL R. COOPER (262098)
(ncooper@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant
EBAY INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOEL DUNCAN, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EBAY INC., a corporation,<br><br>Defendant. | Case No.<br><br>California Superior Court,<br>County of Santa Clara<br>Case No. 115CV276799<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 & 1453**<br><br>Complaint Filed: February 13, 2015 |

TO PLAINTIFF, THE COURT AND ALL ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1453(b), defendant eBay Inc. ("eBay") hereby removes the above-captioned civil action from the Superior Court of the State of California for the County of Santa Clara (the "Superior Court"), where the action is now pending, to the United States District Court for the Northern District of California, San Jose Division. For the reasons set forth below, this Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453.

## I. PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On or about February 13, 2015 plaintiff Joel Duncan filed a class action complaint in the Superior Court of the State of California for the County of Santa Clara, titled *Joel Duncan v. eBay Inc.*, Case No. 1-15-CV-276799 (the "Complaint"). eBay is the sole defendant named in the Complaint.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the Register of Actions obtained from the Superior Court's website. Attached hereto as **Exhibits 2 - 10** are all available documents and records in the Superior Court action, including the Complaint, which is attached as **Exhibit 2**. eBay is not aware of any other process or pleading in the Superior Court action.

3. eBay was served with the Complaint and summons on February 19, 2015. Attached hereto as **Exhibit 11** is the proof of service.

4. This Notice of Removal is timely because it is filed within thirty days of when plaintiff served eBay with the Complaint and summons. *See* 28 U.S.C. § 1446(b).

5. eBay will give plaintiff written notice of this removal as required by 28 U.S.C. § 1446(d) by serving Plaintiff, through his counsel of record, with this Notice of Removal and all documents filed in support thereof on the date of filing of this Notice of Removal.

## II. GROUNDS FOR REMOVAL

6. Under CAFA, a District Court has original jurisdiction over any civil action styled as a class action in which: (1) "any member of a class of plaintiffs is a citizen of a State different from any defendant": (2) the number of members of the proposed plaintiff class is not less than

one hundred, in the aggregate; and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2) & (d)(5). If a putative class action is filed in State Court and meets all three requirements, it may be removed to Federal Court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]"). This action meets each of CAFA's requirements.

### A. The Parties are Citizens of Different States

7. CAFA requires minimal diversity, meaning that "any member of a class of plaintiffs [must be] a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

8. eBay was, at the time the Complaint was filed, and is, at present, a corporation organized under the laws of Delaware with its principal place of business in San Jose, California. (*See* Compl. ¶ 5.) As a result, it is deemed to be a citizen of both Delaware and California. 28 U.S.C. § 1332(c)(1) ("For purposes of this sections and section 1441 of this title … a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business … .")

9. In the Complaint, plaintiff alleges that he "is a citizen and resident of Holden, Missouri." (Compl. ¶ 4.)

10. Because plaintiff is a citizen of a State different from eBay, the minimal diversity required for CAFA jurisdiction is satisfied.[1] 28 U.S.C. § 1332(d)(2)(A).

### B. The Proposed Class Does Not Have Less Than 100 Members

11. Plaintiff purports to represent the class of "[a]ll eBay users who paid a 'Final Value Fee' on incomplete transactions during the time period February 13, 2011 to October 9, 2012, and did not receive a full refund of the 'Final Value Fee' they paid." (Compl. ¶ 19.)

---

[1] Additionally, plaintiff's Complaint does not place any geographic limitations on the class he purports to represent. (Compl. ¶ 19.) eBay's ecommerce platforms are used by residents and citizens of all 50 States. As a result, the putative class includes citizens of States other than California and Delaware, which provides additional grounds for the Court to find that minimal diversity has been met.

12. Plaintiff alleges that eBay "has assessed 'Final Value Fees' on millions of incomplete transactions," and, as a result, "[m]embers of the class are so numerous that their individual joinder is impracticable." (*Id.* ¶ 22.)

13. Without conceding the truth of the facts alleged in the Complaint, liability, appropriateness of class treatment, appropriateness of plaintiff's class definition, or the validity of plaintiff's claim for relief, during the class period there were far more than 100 eBay users who paid a Final Value Fee on a so-called "incomplete transaction" and who did not receive a credit, for example, because they failed to request a credit or were not eligible for one under the terms of eBay's express, written policies.

14. Accordingly, CAFA's class size requirement is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### C. The Amount in Controversy Exceeds $5 Million

15. Plaintiff seeks to recover, on behalf of himself and the putative class, all Final Value Fees paid by eBay sellers in connection with transactions that were not ultimately completed by the seller and the prospective buyer. (*See* Compl. ¶¶ 19, 34, 41, 43.)

16. According to plaintiff, eBay "has assessed 'Final Value Fees' on **millions** of incomplete transactions." (*Id.* ¶ 22) (emphasis added).

17. Without conceding the truth of the facts alleged in the Complaint, liability, appropriateness of class treatment, appropriateness of plaintiff's class definition, or the validity of plaintiff's claim for relief, the amount put in controversy by plaintiff's Complaint is greater than $5 million.

## III. VENUE AND ASSIGNMENT

18. Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the Superior Court action was originally pending in Santa Clara County, which is within this judicial district.

19. Pursuant to Civil Local Rule 3-2(c) and (e), assignment to the San Jose division is appropriate because a substantial part of the events or omissions which give rise to plaintiff's

claims occurred in San Jose, where eBay's principal place of business is located. (*See* Compl. ¶ 6.)

### IV. NOTICE TO THE SUPERIOR COURT OF SANTA CLARA COUNTY

20. eBay will promptly file a true and correct copy of this Notice of Removal and all documents filed in support thereof with plaintiff and the clerk of the Superior Court of the State of California for the County of Santa Clara, as required by 28 U.S.C. § 1446(d).

21. eBay reserves the right to amend and/or supplement this Notice of Removal.

Dated: March 23, 2015

COOLEY LLP

By: */s/ William P. Donovan Jr.*
William P. Donovan Jr.

Attorneys for Defendant
EBAY INC.

115116781