# Exhibit 2

ROBERT W. THOMPSON (SBN: 250038)
THOMPSON LAW OFFICES, P.C.
700 Airport Blvd., Suite 160
Burlingame, CA 94010
Telephone: (650) 513-6111
Facsimile: (650) 513-6071

DAVID MARCUS, ESQ. (*Pro Hac Vice Pending*)
BARTLE MARCUS LLC
233 West 47th Street
Kansas City, Missouri 64112
Telephone: (816) 285-3888
Facsimile: (816) 222-0534

MATTHEW L. DAMERON, ESQ. (*Pro Hac Vice Pending*)
WILLIAMS DIRKS DAMERON LLC
1100 Main Street, Suite 2600
Kansas City, Missouri  64105
Telephone: (816) 876-2600
Facsimile: (816) 221-8763

Attorney for Plaintiff and The Class

**ENDORSED**

2015 FEB 13 P 3 23

David H. Yamasaki, Clerk of the Superior Court
~~Shannon Blessett~~
By _____
Deputy Clerk

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| JOEL DUNCAN, on behalf of himself and all others similarly situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>EBAY, INC., a corporation,<br><br>     Defendants. | Case No.: **1 1 5 C V 2 7 6 7 9 9**<br><br>**CLASS ACTION COMPLAINT FOR RELIEF BASED ON:**<br><br>  1) **Violation of Business and Professions Code Section 17200 et seq.;**<br>  2) **Breach of Contract; and**<br>  3) **Unjust Enrichment**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF'S CLASS ACTION COMPLAINT
1

Plaintiff Joel Duncan, on behalf of himself and all others similarly situated, alleges as follows:

## NATURE OF THE CASE

1.      Plaintiff brings this lawsuit to recoup "Final Value Fees" that EBAY charged to him and other users.

2.      As set forth herein, EBAY collected "Final Value Fees" from users on transactions that were not consummated, despite its representations that it would not collect those fees, and the fact that EBAY users did not realize any benefit from those unfinished transactions.

3.      Plaintiff therefore brings this action on behalf of a proposed class of EBAY users who were charged "Final Value Fees" during the Relevant Time Period defined herein.

## PARTIES

4.      Plaintiff Joel Duncan (hereinafter "Plaintiff") is a citizen and resident of Holden, Missouri.

5.      Defendant EBAY INC. (hereinafter "EBAY") is a corporation organized and existing under the laws of the State of California and is a citizen of the State of California with its principal place of business in Santa Clara County, California.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over EBAY because it is registered to conduct business in California, has its principal place of business in California, engaged in its unlawful and unfair conduct from within California, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in California.

7.      On information and belief, the amount in controversy is less than $5,000,000.00, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

8.      EBAY's User Agreement governs the relationship between the parties and calls for payment from Plaintiff for certain fees for items that are listed and sold through the EBAY website, which fees are called "Final Value Fees."

9.     EBAY calculates the "Final Value Fee" for an item based on the selling price of the item, and the "Final Value Fee" is normally expressed as a percentage of the sales price.

10.     However, EBAY charges and collects the "Final Value Fee" from its users even in those circumstances where a sale is not completed. Thus, in those instances where a purchaser fails to pay an EBAY user or a sale is not completed for some other reason, EBAY continues to impose and collect the "Final Value Fee."

11.     Pursuant to EBAY's policy overview, the "Final Value Fee" is assessed to the Plaintiff when an item "sells." EBAY's policy states that Plaintiff will not be charged a final value fee if his item does not sell. EBAY has breached the User Agreement by charging Plaintiff "Final Value Fees" when items did not sell.

12.     In addition to its User Agreement, EBAY repeatedly told users that it did not charge a Final Value Fee unless a sale was completed. For example, in a question and answer section on its website and in response to the question "When is a final value fee not charged?" EBAY wrote: "Your item doesn't sell."

13.     In another portion of the website, EBAY stated that it would charge "No fee" if an item did not sell, regardless of category.

14.     In yet another page on its website, EBAY repeated that users "[p]ay only when your item sells with one easy Final Value Fee."

15.     Nonetheless, despite its User Agreement and repeated assertions to the contrary, EBAY charged Plaintiff "Final Value Fees" in violation of its policy, and on attempted sales that were not completed.

16.     Plaintiff has paid all "Final Value Fees" charged by EBAY and complied with all other terms and conditions of the User Agreement.

17.     Upon information and belief, EBAY has charged "Final Value Fees" to other users in violation of its policy, and on attempted transactions that did not complete. EBAY charges the final value fee if the payment method is declined, if the buyer enters the credit card number incorrectly or it the buyer is attempting to commit fraud. EBAY also charges final value fees in cases where a known EBAY system error or glitch turns one transaction into two, three or more.

18.     Plaintiff and other EBAY users have been harmed by EBAY's practice of

assessing "Final Value Fees" on incomplete transactions.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action on behalf of himself and a class of persons initially defined as follows: "All EBAY users who paid a 'Final Value Fee' on incomplete transactions during the time period February 13, 2011 to October 9, 2012, and did not receive a full refund of the 'Final Value Fee' they paid."

20.     Excluded from the Class are EBAY; any affiliate, parent, or subsidiary of EBAY; any entity in which EBAY has a controlling interest, any officer, director, or employee of EBAY; any successor or assign of EBAY; anyone employed by counsel for Plaintiff in this action; and any Judge to whom this case is assigned as well as his or her immediate family.

21.     This action has been brought and may properly be maintained on behalf of the class proposed above under the criteria of the Code of Civil Procedure and California Rules of Court.

22.     **Numerosity.** Members of the class are so numerous that their individual joinder is impracticable. On information and belief, EBAY has assessed "Final Value Fees" on millions of incomplete transactions.

23.     **Existence and predominance of common questions.**   Common questions of law and fact exist as to all members of the class and predominate over questions affecting only individual class members. These common questions include the following:

a.     Whether EBAY charges "Final Value Fees" on incomplete transactions;

b.     Whether and to what extent EBAY has profited from the assessment of "Final Value Fees" on incomplete transactions;

c.     Whether EBAY breached its contract with its users;

d.     Whether EBAY was unjustly enriched at the expense of its users;

e.     Whether EBAY has engaged in unlawful, unfair, or fraudulent business practices in violation of Business and Professions Code section 17200, et seq.;

f.     Whether Plaintiff and the Class are entitled to damages; and

g.    Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to a preliminary and/or permanent injunction.

24.    **Typicality.**  Plaintiff's claims are typical of the claims of the Class, because, among other things, EBAY assessed the same "Final Value Fees" on Plaintiff as it did on other members of the Class.

25.    **Adequacy.**  Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

26.    **Superiority.**  The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against EBAY economically feasible. Even if Class members themselves could afford such individualized litigation, the court system could not. In addition to the burden and expense of managing numerous actions arising from the defect, individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

27.    In the alternative, the Class may be certified because:

a.    The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members, which would establish incompatible standards of conduct for EBAY;

b.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them, which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c.    EBAY has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole; and

d.    A resolution of particular issues is appropriate.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(For unlawful, unfair, and fraudulent business practices under**

**Business and Professions Code Section 17200, et seq.)**

28.    Plaintiff, on behalf of himself and all others similarly situated, realleges as if fully set forth, each and every allegation set forth herein.

29.    EBAY's acts and practices, as alleged in this complaint, constitute unlawful, unfair and/or fraudulent business practices, in violation of the Unfair Competition Law, Business and Professions Code section 17200, et seq. Section 17200 provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice." EBAY's policy concerning Final Value Fees is a "business practice" and is unlawful, unfair, and/or fraudulent.

30.    The business practices engaged in by EBAY, which violate the Unfair Competition Law, include violating its own policy and representations concerning "Final Value Fees" and assessing "Final Value Fees" on incomplete transactions.

31.    EBAY engaged in unfair business practices by, among other things:

a.    Breaching its contract with Plaintiff and the Class, and violating the attendant duty of good faith and fair dealing;

b.    Engaging in conduct that yielded an unjust enrichment for the benefit of EBAY and the detriment of Plaintiff and the Class, in that EBAY charged fees in excess of those advertised and agreed to at the applicable Fee Schedule and advertising representations;

c.    Engaging in conduct where the utility of that conduct is outweighed by the gravity of the consequences to Plaintiff and other members of the Class;

d.    Engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and other members of the Class.

32.     Furthermore and independently, EBAY engaged in fraudulent business practices by engaging in conduct that was and is likely to deceive a reasonable consumer. It is fundamentally unfair, contrary to public policy, immoral, unethical, oppressive, unscrupulous, and injurious to Plaintiff and the Class for EBAY to agree in its Fee Schedule and make other representations that it will not charge Final Value Fees on incomplete transactions, and then nevertheless charge those fees.

33.     As a direct and proximate result of EBAY's unlawful, unfair and fraudulent business practices as alleged herein, Plaintiff and Class members have suffered injury in fact and lost money or property.

34.     Plaintiff and Class members are entitled to equitable relief, including corrective notice, restitutionary disgorgement of all profits accruing to EBAY because of their unlawful, unfair and fraudulent, and deceptive practices, attorneys' fees and costs, declaratory relief, and a permanent injunction enjoining Defendants from their unlawful, unfair, fraudulent and deceitful activity.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

35.     Plaintiff, on behalf of himself and all others similarly situated, realleges as if fully set forth, each and every allegation set forth herein.

36.     Pursuant to EBAY's User Agreement and the corresponding Fee Schedule, the "Final Value Fee" is assessed to the Plaintiff when an item "Sells."

37.     During the relevant time period, EBAY entered into identical contracts with Plaintiff and all Class members setting forth the Final Value Fees. Plaintiff and the Class therefore entered into unambiguous contracts with EBAY to pay Final Value Fees only upon the completion of a sale.

38.     Defendant has breached the User Agreement by charging Plaintiff "Final Value Fees" when an item did not sell and Plaintiff has been damaged in an amount to be determined at trial.

39.     Upon information and belief, EBAY breached its User Agreement with other users and the Class in a similar manner.

40.     Plaintiff and the Class did not agree or consent to the Final Value Fees charged on uncompleted sales, and did not agree to alter, modify, or amend their

contracts with EBAY. Among other things, Plaintiff and the Class did not voluntarily agree to fees different from those in the applicable User Agreement and Fee Schedule.

41.    As a direct and proximate result of EBAY's breach of contract and the attendant covenant of good faith and fair dealing, Plaintiff and the Class have been damaged in an amount calculated by determining the Final Value Fees charged by EBAY during the relevant time period on sales that were not completed. The damages are calculable from the data in EBAY's possession, and the calculation is common to and typical of all Class members.

### THIRD CAUSE OF ACTION
### (Unjust Enrichment)

42.    Plaintiff, on behalf of himself and all others similarly situated, realleges as if fully set forth, each and every allegation set forth herein.

43.    By charging fees in excess of those promised and agreed to under the applicable User Agreement and corresponding Fee Schedule, EBAY collected fees in excess of those to which it was contractually entitled.

87.    Accordingly, EBAY was unlawfully and unjustly enriched by the receipt of benefits in the form of "Final Value Fees" that it assessed on incomplete transactions.

44.    EBAY's enrichment was at the expense of Plaintiff and the Class.

45.    It would be unjust to allow EBAY to retain the benefits conferred upon it at the expense of Plaintiff and the Class.

### PRAYER

WHEREFORE, Plaintiff, on Plaintiff's own behalf and on behalf of the Class, prays for judgment as follows:

a.    For an order certifying the Class and appointing Plaintiff and his counsel to represent the Class;

b.    For an order awarding Plaintiff and the members of the Class restitution, or other equitable relief as the Court deems proper;

c.    For an order enjoining EBAY from continuing to engage in unlawful business practices, as alleged herein;

d.    For a declaration that EBAY's practices are unlawful and unfair and ordering corrective notice to consumers;

e.      For an order awarding Plaintiff and the members of the Class pre-judgment and post-judgment interest;

f.      For an order awarding Plaintiff and the members of the Class reasonable attorneys' fees and costs of suit, including expert witness fees; and

g.      For an order awarding such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff, by counsel, requests a trial by jury on his legal claims, as set forth herein.

DATED: February 13, 2015                    THOMPSON LAW OFFICES, P.C.


By: _____
Robert W. Thompson, Esq.
Attorney for Plaintiff and The
Class